UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA           JS-6

**CIVIL MINUTES – GENERAL**

Case No.  SACV 12-1761-JST (JPRx)                              Date:  October 19, 2012
Title:  LT Trust v. Mark W. Steidel

Present: **Honorable JOSEPHINE STATON TUCKER, UNITED STATES DISTRICT JUDGE**

| Ellen Matheson | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:

       Not present                                              Not present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER REMANDING CASE TO ORANGE COUNTY SUPERIOR COURT, CASE NO. 30-2012-00592995**

   Plaintiff LT Trust ("LT") filed this unlawful detainer action against Defendant Mark W. Steidel and Does 1 to 5 in Orange County Superior Court on August 22, 2012, Case Number 30-2012-00592995.  On October 11, 2012, Defendant removed this action on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1441.  (Notice of Removal ("Notice"), Doc. 1.)  Where a federal district court lacks subject-matter jurisdiction, it must remand the case, and has the discretion to do so *sua sponte*.  See *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) (citing 28 U.S.C. § 1447(c)).  For the reasons discussed below, the Court sua sponte REMANDS this case to the Orange County Superior Court.

   When reviewing a notice of removal, "it is to be presumed that a cause lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (internal quotation marks omitted)).  Courts "strictly construe the removal statute against removal jurisdiction," and thus "the defendant always has the burden of establishing that removal is proper."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  Moreover, removal is proper only in "state-court actions that originally could have been filed in federal court . . . ."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

   Here, Defendant contends that removal is proper on the basis of diversity jurisdiction because complete diversity exists between the parties, and the amount in controversy exceeds $75,000.  Defendant has not met their burden, however, of demonstrating that the amount in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA       **JS-6**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  SACV 12-1761-JST (JPRx) | Date:  October 19, 2012 |
| Title:  LT Trust v. Mark W. Steidel | |

controversy exceeds $75,000.  "[W]hen a state-court complaint affirmatively alleges that the amount in controversy is less than the jurisdictional threshold, the 'party seeking removal must prove with legal certainty that [the] jurisdictional amount is met.'"  *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir.2007) (quoting *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007)).  Here, LT's complaint seeks damages in the amount of $60 per day from August 22, 2012, through the date of entry of judgment in its unlawful detainer action, up to $10,000.  Based upon these facts, it is clear that the $75,000 jurisdictional requirement is not met.

For the foregoing reasons, the Court concludes that it lacks subject-matter jurisdiction over this case, and REMANDS it to Orange County Superior Court, Case No. 30-2012-00592995.

Initials of Preparer:  enm